MATTER OF DOO

In Deportation Proceedings

A-15149545

*Decided by Board October 18, 1968*

Where a Service investigator, in possession of the name and a picture of respondent and information of his possible illegal presence in this country, made an investigative search of a restaurant where respondent was employed, during the course of which interrogation respondent identified himself and voluntarily produced and turned over to the investigator his Form I-95 ("Crewman Landing Permit"), such Form I-95 is admissible in evidence in deportation proceedings.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Crewman
—remained longer.

ON BEHALF OF RESPONDENT:
David Carliner, Esquire
Warner Building
Washington, D.C. 20004

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

The special inquiry officer on May 31, 1968 found respondent deportable as charged and ordered that he be deported to the Republic of China on Formosa on the charge contained in the order to show cause. The instant appeal ensued.

The respondent is a 45-year-old male, a native and citizen of China, who entered the United States at Portland, Maine on or about August 12, 1966, at which time he was admitted as a crewman authorized to remain in the United States for the period of time his ship remained in port, not to exceed 29 days. He failed to depart with his vessel. Respondent does not concede deportability. In fact he remained mute during the hearing on advice of counsel. Respondent did not apply for any form of discretionary relief.

Counsel for respondent argues that the proceedings should be terminated because there was admitted into evidence over his objection respondent's "Crewman Landing Permit," Form I-95

(Ex. 2), which had been illegally obtained from him while he was under an illegal arrest because he had been arrested without a warrant. Counsel contends that without this item of evidence deportability was not proved.

The facts as to what actually occurred when an officer of the Immigration Service confronted the respondent at his place of employment on May 28, 1968, are set forth fully in the special inquiry officer's decision and in the transcript of the hearing. Briefly, the respondent, who is a cook at a restaurant in Washington, D.C., was approached by an investigator of the Immigration and Naturalization Service, and after identifying himself he asked the respondent his name and the respondent readily furnished the same. The investigator then asked to see any immigration papers which he might have and the respondent replied that the papers were downstairs in a locker room. It appears that the respondent, accompanied by the investigator, proceeded to the locker room where the respondent voluntarily produced and turned over to the investigator the Form I-95. The respondent was then taken to the offices of the Immigration Service, at which time the order to show cause (Ex. 1), which had previously been issued on May 22, 1968, but never served upon the respondent, was then handed to him. Service is conceded.

Under section 287(a) (1), Immigration and Nationality Act, (8 U.S.C. 1257(a) (1)), an officer of the Service is authorized without a warrant to interrogate any alien or person believed to be an alien as to his right to be in or to remain in the United States. In this case the investigator had ample reason to believe that respondent was an alien remaining in the United States without right, because the investigator had in his possession the name of the alien and his picture (Ex. 3), and information that such alien was possibly illegally in the United States. In other words, it was clear that the Service was looking for him. Further, the respondent did correctly identify himself to the Service officer. Information obtained during an interrogation made pursuant to section 287(a) (1) of the Act is admissible into evidence.[1]

Counsel contends that during the events leading up to and at the time the Form I-95 was actually turned over to the investigator there was in effect an arrest and since the arrest took place without a warrant, it was illegal; thus the document was illegally obtained and should not have been admitted into the record. We do not hold that respondent was under arrest during the time he was first interrogated and when he turned over the crewman

---

[1] See *Matter of Chen*, 12 I. & N. Dec. 603, February 6, 1968.

landing permit to the investigator. The investigator had not told the man that he was under arrest, had not stated in any manner that the man was not free to go, but he did ask questions concerning his identity and any immigration documents he might have. We refer to the case of *People* v. *Rodney P. (Anon)*, New York Court of Appeals, November 30, 1967, 36L.W. 2377, in which the court held that statements made by a suspect who was interrogated by police in his backyard without being warned of his rights under the Fifth and Sixth Amendments, but who was neither told he was under arrest nor physically restrained in any way, are admissible, even if he was the focus of investigation, because there had not been an arrest, although he *might have been restrained had he attempted to leave*. The court said in that case: "This kind of questioning is little different from routine police investigation of crimes or suspicious conduct at a person's home, *his place of business* (emphasis supplied), or on the street." The court held that there had not been an arrest. We think that the case before us is on all fours with that holding. Here, respondent was neither told that he was under arrest nor was he physically restrained in any way, although it is clear that if he had tried to abscond he would have been restrained.

We hold that the crewman landing permit was correctly admitted into evidence.

Assuming arguendo that an arrest had been made, the facts in this case (that he had jumped ship and that he had evaded the Immigration Service officers for almost two years), amply justify an arrest without a warrant under section 287(a)(2), Immigration and Nationality Act (8 U.S.C. 1357(a)(2)), which authorizes the arrest of an alien who the officer has reason to believe is in the United States in violation of law and is likely to escape before a warrant can be obtained for his arrest.

Accordingly, we will dismiss the appeal.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.